# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| ANTHONY WEDDINGTON, | ) |
|---|---|
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-184-TWP-TAB |
| | ) |
| ALAN FINNAN, | ) |
| | ) |
| Respondent. | ) |

## ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

In 2005, the Petitioner Anthony Weddington ("Weddington") was convicted in an Indiana state court of three counts of rape, one count of criminal deviate conduct, and one count criminal confinement. His convictions were affirmed on appeal in *Weddington v. State*, No. 49A02-0504-CR-344 (Ind.Ct.App. April 18, 2006). Claiming that his convictions are tainted by constitutional error, Weddington seeks a Writ of Habeas Corpus.

For the reasons explained in this Entry, Weddington's petition for a Writ of Habeas Corpus must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue**.**

### I. The Writ

#### *Legal Standard*

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The

1

statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n. 6 (1987).

## *Background*

Weddington's conviction became final on September 7, 2006. This was the last day on which he could have filed a petition for a writ of certiorari from the United States Supreme Court following the Indiana Supreme Court's denial on June 6, 2006, of his petition for transfer.

A properly filed petition for post-conviction relief was pending in the Indiana state courts from February 12, 2007, through May 12, 2009. During this time, the statute of limitations was tolled. See 28 U.S.C. ' 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). The statute began to run the following day, May 13, 2009. Weddington's habeas petition was signed on February 2, 2011, and filed with the clerk two days later. The habeas petition is considered as having been filed on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999).

The foregoing circumstances show the following: First, Weddington filed his petition for post-conviction relief 127 days after his conviction became final. Second, with the running of the

statute having resumed on May 13, 2009, the statute of limitations expired 238 days later, which was on January 5, 2010. Third, the federal habeas petition was filed on February 2, 2011, nearly 13 months after the statute of limitations expired. The circumstances of Weddington's confinement do not alter the basis of this computation. *Scott v. Johnson,* 227 F.3d 260, 263 n.3 (5th Cir. 2000).

## *Discussion*

In his petition for Writ of Habeas Corpus, Weddington raises a combined total of 169 claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. These claims were only presented to the Indiana state courts in the action for post-conviction relief. Weddington did not appeal the trial court's denial of the petition for post-conviction relief. The failure to appeal constitutes his procedural default as to the claims in his habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) (the federal habeas statute requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process").

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003). Weddington has not shown these circumstances here.

*Conclusion*

A[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court.@ *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Weddington has encountered the hurdles produced by the 1-year statute of limitations and by procedural default. Moreover, he has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. The petition for a Writ of Habeas Corpus must be **DENIED**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 Proceedings, and 28 U.S.C. ' 2253(c), the court finds that Weddington has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 09/19/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

4

Distribution:

Henry A. Flores Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

Anthony Weddington
DOC #147597
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064